# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MORRIS BIVINGS, on behalf of himself and others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil No. 1:12-cv-03591-CAP |
| EURAMEX MANAGEMENT GROUP, LLC; WESLEY APARTMENT HOMES GROUP, LLC; IGNACIO DIEGO; and JAMIN HARKNESS, ) ) ) ) ) ) ) | |
| Defendants. ) | |

### DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

Defendants, by and through undersigned counsel, hereby submit for consideration their Sur-Reply in Opposition to Plaintiff Morris Biving's Motion For Conditional Certification of Collective Action and Issuance of Court Approved Notice to Collective Action Members, Dkt. No. 19.

**I.  INTRODUCTION**

Plaintiff's Motion and Reply Briefs provide the Court no basis to conditionally certify a collective action. Plaintiff's claims were originally premised upon his allegation that a supervisor at his apartment complex instructed

him to work "off the clock." However, since the Court cannot conditionally certify a class of employees who worked at different apartment complexes and under different supervisors on the basis of a single supervisor's actions in violation of the Company's well-established and facially lawful overtime policies, Plaintiff has moved the goalposts. While Plaintiff's underlying Memorandum of Law in Support of his Motion for Conditional Certification used the phrase "comp-time" just once in twenty (20) pages,[1] Plaintiff now claims that an alleged "comp-time" policy (which does not exist) is the "crux" of his claims. (See Plaintiff's Memorandum of Law in Support of Motion for Conditional Certification, Dkt. No. 19-1, p. 13; Plaintiff's Reply in Support of Motion for Conditional Certification, Dkt. No. 29, p. 3.)

The primary purpose of this Sur-Reply Brief is to address Plaintiff's newly placed emphasis on "comp-time." This Sur-Reply is necessary because Plaintiff's Reply Brief mischaracterizes Euramex's policies and disregards on-point case law

---

[1] Plaintiff's declaration in support of his Motion for Conditional Certification mentions "comp-time" in only two (2) of its twenty-two (22) paragraphs, while opt-ins Emfinger's and Robinson's declarations mention "comp-time" once each. (See Dkt. Nos. 19-3, ¶¶ 16-17; 19-4, ¶ 9; 19-5, ¶ 9.) Indeed, opt-in Robinson's declaration only alleges that the "comp-time" practice occurred "[o]n one occasion." (Dkt. No. 19-4, ¶ 9.)

in the Northern District of Georgia stating that policies such as Euramex's do not provide an adequate basis to grant conditional certification.

Most importantly, Euramex does not have a "comp-time" policy, and Plaintiff's unsupported speculation cannot create one. Rather, Euramex has two separate policies entitled "Managing Overtime" and "On-Call Procedures" in which Euramex unequivocally explains that it will lawfully limit the amount of hours its employees work in order to manage its labor costs, but also clearly explains that when employees work overtime they will be paid for it. While Plaintiff suggests that these policies may result in instances in which employees are not paid overtime, Plaintiff has not provided (and cannot provide) any evidence that such occurrences are anything more than isolated instances in direct violation of Company policy. Indeed, faced with similar facts, the Northern District of Georgia recently held that "a nationwide practice of reviewing and sometimes revising hours clocked in and out . . . is not enough glue to hold this proposed class together; neither is the fact that Defendant generally discourages managers from allowing overtime work." Beecher v. Steak N Shake Operations, Inc., Civ. No. 1:11-cv-4102-ODE, 2012 U.S. Dist. LEXIS 162804, at *27 (N.D. Ga. Sept. 27, 2012). As such, Plaintiff's Motion for Conditional Certification should be denied.

## II.     LEGAL ARGUMENT

In his Reply Brief, Plaintiff alleges that Euramex's Maintenance Training Orientation material "bolster Plaintiff's allegations regarding comp-time" because, according to Plaintiff, "the Euramex Maintenance Training Orientation requires that each employee's hours be carefully managed during the week by offsetting after-hours work with time-off in order to avoid overtime." (Plaintiff's Reply, p. 9.)  The relevant portions of Euramex's Maintenance Training Orientation read, in their entirety:

> MANAGING OVERTIME
>
> Our policy states:
>
> - The company requires that overtime be requested in advance and pre-approved.
>
> - *Any Overtime worked will be paid.*
>
> - *Any unapproved Overtime worked, the employee will be paid* and written up or further disciplinary action.
>
> - *If unapproved Overtime is worked a second time, the employee will be paid* and subject to further disciplinary action with possible termination.
>
> ***

> WAH ON CALL PROCEDURES:[2]
>
> When you are scheduled to be "On-Call," employees must be ready to work at any time of the day or night. Therefore, alcohol use is prohibited while you are on call. Further, Wesley Team Members must respond to the Maintenance Emergency in a timely (no more than 15 minutes from receipt of the page) courteous and polite manner. When an emergency is deemed necessary to go to the property, the Team Member must be at the property within 30 minutes of communicating with the resident. The Wesley Team Member must attend to the call in full Wesley Uniform, using appropriate Personal Protective Equipment. The next work day, the on-call Team Member must fill out an On-Call Report and turn it into the Maintenance Director who in turn attaches this report to the weekly Service Data Analysis (discussed further down). ***Any time spent in the evening at the property answering after hour calls, must be balanced by time off within the same work-week so as to avoid overtime, however overtime will be paid if pre-approved.*** Careful work week management is required. The work week is defined from Saturday to Friday.

(Euramex Maintenance Training Orientation, Dkt. No. 26-1, pp. 1-2) (emphasis added.) Importantly (and despite Plaintiff's unsupported allegations to the contrary), Euramex does not have a "comp-time" policy.

Moreover, as the above language makes clear, Euramex's "Managing Overtime" and "On-Call" policies are facially lawful. While the policies' stated intent is to manage employees' hours worked so that they do not work over 40

---

[2] As Defendants noted in their Response Brief, several courts have already upheld apartment maintenance on-call policies similar to Euramex's policy. (See Defendants' Response Brief, Dkt. No. 26, p. 8 n. 1.)

hours in a workweek, the policies make unequivocally clear that "[a]ny overtime worked will be paid." (Id.)  Nonetheless, Plaintiff *speculates* (without any evidence whatsoever) that Euramex's directive to effectively manage its employees' time (including overtime) "is a challenge for supervisors" and results in a *de facto* policy of substituting overtime for comp-time in subsequent workweeks.  (Plaintiff's Reply, p. 10.)  Under this theory, Plaintiff argues that conditional certification is appropriate.  (Id.)

The Northern District of Georgia has, however, already rejected Plaintiff's theory.  In Beecher, the plaintiffs presented numerous exhibits in support of their motion for conditional certification which "show[ed] that Defendant's management expressed concern over the accrual of overtime by employees, and made a conscious decision to manage schedules to prevent overtime work."  2012 U.S. Dist. LEXIS 162804, at *15.  The Court, however, denied conditional certification because "[e]ven assuming, arguendo, that there exists a nationwide practice of reviewing and sometimes revising hours clocked in and out . . . that is not enough glue to hold this proposed class together; ***neither is the fact that Defendant generally discourages managers from allowing overtime work.***"  Id. at *27 (emphasis added).  As the Court held:

> Plaintiffs' claims are too individualized to show a pattern, practice, policy, or commonality.  Because individual store

6

>managers typically make the changes to the payroll records, a class action would result in calling numerous supervisors from individual stores to attest to each and every change to an individual Plaintiffs' payroll record.  Hence, just proving that all Plaintiffs and potential class members used the same reporting system and that the stores used the same internal reports does not resolve Plaintiffs' claims or show Defendant treated Plaintiffs similarly—especially since legitimate reasons exist for making changes.

Id. at ** 27-28.

As in Beecher, Euramex's directive to manage its employees' time (including their overtime) does not provide an adequate basis for conditional certification.  See id. at *27.  Indeed, courts have routinely declined to hold that facially valid policies or practices that "encourage store management to make productive use of employees' time . . . form the equivalent of a common policy or plan that violates the law, merely because they indirectly might encourage the minimization of overtime." Brickey v. Dolgencorp, Inc., 272 F.R.D. 344, 347-348 (W.D. N.Y. 2011).  Plaintiff cannot rely upon Euramex's facially lawful overtime policies to obtain conditional certification.

Moreover, as in Beecher, Plaintiff has given this Court no reason to believe that the alleged "comp-time" (or any other) violations occurred anywhere other than at a single apartment complex where Plaintiff and opt-ins Emfinger and Robinson worked.  See 2012 U.S. Dist. LEXIS 162804, at **27-28 ("Because

7

individual store managers typically make the changes to the payroll records, a class action would result in calling numerous supervisors from individual stores to attest to each and every change to an individual Plaintiffs' payroll record"). To the contrary, Defendants have submitted twenty-three (23) declarations of Maintenance Technicians from different apartment complexes who deny that Euramex failed to compensate them properly and state that they do not wish to join this lawsuit. (See Dkt. No. 26-3.)

While Plaintiff now argues with the form and substance of these declarations, his arguments have no basis. Indeed, Defendants provided Plaintiff's counsel with the home address and telephone number of each of the declarants. Defendants further consented to Plaintiff's counsel attempting to contact each of the declarants individually to determine whether their declarations were improperly obtained or otherwise invalid.

Apparently, Plaintiff's counsel either did not contact the declarants, or determined that their declarations were accurate as presented and properly obtained. In either event, there is no basis to strike the declarations simply because they are fatal to Plaintiff's efforts to achieve conditional certification. The declarations are properly before the Court as evidence of Euramex's lawful overtime policies and as evidence that the overwhelming majority of Maintenance

Technicians were properly paid and therefore do not wish to join Plaintiff's putative collective action. They are additional proof that Plaintiff is not entitled to conditional certification, and that Plaintiff's Motion for Conditional Certification should be denied.

## III. CONCLUSION

Plaintiff's Reply Brief further demonstrates that Euramex's overtime policies are facially lawful and that, to the extent Plaintiff was at any time not compensated in accordance with the FLSA, it was the result of a rogue supervisor at a single apartment complex acting in direct contravention of Euramex's established policies and procedures. Plaintiff's Motion for Conditional Certification should therefore be denied.

Respectfully submitted, this 11th day of March, 2013.

/s/ Matthew R. Simpson
Andria L. Ryan, Esq.
Georgia Bar No. 461495
Matthew R. Simpson, Esq.
Georgia Bar No. 540260
FISHER & PHILLIPS LLP
1075 Peachtree Street N.E.
Suite 3500
Atlanta, Georgia 30309
(404) 231-1400 (Telephone)
(404) 240-4249 (Facsimile)
aryan@laborlawyers.com

msimpson@laborlawyers.com

COUNSEL FOR DEFENDANTS EURAMEX MANAGEMENT GROUP, LLC, WESLEY APARTMENT HOMES, LLC; IGNACIO DIEGO; and JAMIN HARKNESS

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MORRIS BIVINGS, on behalf of himself and others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil No. 1:12-cv-03591-CAP |
| EURAMEX MANAGEMENT GROUP, LLC; WESLEY APARTMENT HOMES GROUP, LLC; IGNACIO DIEGO; and JAMIN HARKNESS, ) ) ) ) ) ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of March, 2013, I electronically filed the foregoing **DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> John L. Mays
> Jeff Kerr
> john@maysandkerr.com
> jeff@maysandkerr.com

> > > > */s/ Matthew R. Simpson*